IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIM O'CONNOR,

        Plaintiff,                    No. 2:12-cv-01536 KJN

    v.

CITIMORTGAGE, INC. and DOES I through X,

        Defendants.           ORDER SETTING STATUS (PRETRIAL SCHEDULING) CONFERENCE

_____/

        On June 13, 2012, this matter was reassigned and referred to the undersigned for all proceedings pursuant to the parties' consent to proceed before a magistrate judge. (See Order, June 13, 2012, Dkt. No. 8.) In reassigning this matter, the district judge vacated a then-scheduled status conference. On August 23, 2012, defendant filed an answer to plaintiff's narrowed complaint. The undersigned orders that a status (pretrial scheduling) conference be held so that the court may enter a scheduling order in this action.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    A Status (Pretrial Scheduling) Conference shall be held on October 25, 2012, at 10:00 a.m., in Courtroom No. 25.

////

1

2. Not later than 14 days prior to the Status (Pretrial Scheduling) Conference, the parties shall file a <u>joint</u> status report briefly describing the case and addressing the following:[1]

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and their scheduling;

    f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

    g. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

    h. Special procedures, if any;

    i. Estimated trial time;

    j. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings.

    k. Whether the case is related to any other cases, including any bankruptcy case;

    *l*. Whether a settlement conference should be scheduled;

    m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waive disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge;

    n. Any other matters that may add to the just and expeditious disposition of this matter.

////

---

[1] If the parties are unable to draft and file a joint status report, they may file separate status reports that include brief explanations for why a joint status report could not be prepared.

1          3.     The parties are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition.  <u>See</u> Local Rule 160.  In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

          IT IS SO ORDERED.

DATED:  August 24, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE